JS-6

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
P. GREG PARHAM
Assistant United States Attorney
California Bar Number 140310
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone:  (213) 894-6528
   Facsimile:  (213) 894-7177
   E-mail: Greg.Parham@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CV 12-00306 MMM(SSx) |
| Plaintiff, | [~~PROPOSED~~] **CONSENT JUDGMENT OF FORFEITURE** |
| vs. | |
| REAL PROPERTY LOCATED IN COVINA, CA, (YING), | |
| Defendant. | |
| MARDY YING, INDIVIDUALLY AND AS TRUSTEE FOR THE MARDY YING SEPARATE PROPERTY TRUST DATED SEPTEMBER 11, 2001, AND NORDY YING, INDIVIDUALLY AND AS TRUSTEE FOR THE NORDY YING SEPARATE PROPERTY TRUST DATED SEPTEMBER 11, 2001, AND BANK OF AMERICA, N.A., | |
| Claimants. | |

This action was filed on January 12, 2012.  Notice was given and published in accordance with law.  Claimants and titleholders Mardy Ying, Individually and as a Trustee for the Mardy Ying Separate Property Trust dated September 11, 2001 ("Mardy Ying Trust"), and Nordy Ying, Individually and as Trustee for the Nordy Ying Separate Property Trust dated September 11, 2001 ("Nordy Ying Trust")(the Mardy Ying Trust and the Nordy Ying Trust will be collectively referred to hereinafter as "the Ying Trusts"), filed a claim on February 17, 2012.  Claimant and lien holder Bank of America, N.A. ("BOA") filed a claim on February 16, 2012.  No other claims or answers have been filed, and the time for filing claims and answers has expired.  Pursuant to an agreement with the government, the Ying Trusts and BOA do not intend to file answers.  Plaintiff United States of America ("the government"), the Ying Trusts and BOA have reached an agreement that is dispositive of the government's claims against this property, and hereby request that the Court enter this Consent Judgment of Forfeiture.

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

1.   As used throughout, the following terms shall have the following meaning:  (a) "defendant property" shall mean the defendant real property located at 20050 E. Arrow Highway, in Covina, California; (b) "claimant's property" shall mean any real property that the Ying Trusts own, maintain, control or manage, including, but not limited to, the defendant property; and (c) "illegal purpose" shall mean any purpose that furthers or facilitates the distribution or sale of marijuana in violation of federal law, including, but not limited to, renting

space to a person or entity that sells or distributes marijuana or the renting of space to or permitting the continued tenancy of any person or entity that sells, distributes or facilitates the sale or distribution of marijuana.

2.  This Court has jurisdiction over the parties to this judgment and the subject matter of this action.

3.  On or about January 12, 2012, the government filed a Complaint for Forfeiture pursuant to 21 U.S.C. § 881(a)(7) against the defendant real property.

4.  The Ying Trusts and BOA filed claims to the defendant property.  No other claimant has appeared in this action.

5.  Notice of this action has been given in accordance with law.  No appearances having been made in this action by any person other than the Ying Trusts and BOA, the Court deems that all other potential claimants admit the allegations of the Complaint to be true.  The Complaint states a valid claim for relief pursuant to 21 U.S.C. § 881(a)(7).

6.  The Ying Trusts shall retain possession of and title to the defendant property, and in consideration thereof, the Ying Trusts and BOA agree to abide by the terms of this Agreement. The Ying Trusts shall lawfully use and occupy the defendant property in accordance with the restrictions imposed by paragraph 7 below.  If the Ying Trusts or BOA fail to comply with any of the terms of paragraph 7, the interest of the non-complying party or parties in the defendant property shall be forfeited to the government pursuant to paragraph 8 below.

7.  Neither the Ying Trusts nor BOA shall use or occupy the defendant property, nor shall they allow the defendant property

to be used or occupied, for any illegal purpose.  The Ying Trusts shall take all reasonable precautions to prevent any destruction to or diminution in value of the defendant property and any fixtures thereto.  The Ying Trusts shall not knowingly rent, lease or otherwise allow the use or occupancy of any of claimant's property to (a) any former tenant who used or occupied any of claimant's property for any illegal purpose; or (b) any person the Ying Trusts have reason to believe may use or occupy the claimant's property for any illegal purpose.  The Ying Trusts shall not knowingly allow any of the claimant's property to be listed in any advertisement, publication, directory or internet site which advertises or indicates that marijuana is available at the location of the claimant's property.[1]

    8.   In the event that any of the Ying Trusts or BOA fail to comply with any of the terms of paragraph 7 of this Consent Judgment during the four (4) year period following the entry of this judgment, the entirety of each non-complying claimant's interest in the defendant property shall be ordered condemned and forfeited to the United States, subject to the "notice" and "cure" provisions set forth below.  In the event of forfeiture, the Los Angeles County Recorder shall index this Judgment in the grantor index under the name of Mardy Ying, Individually and as a Trustee for the Mardy Ying Separate Property Trust dated September 11, 2001, and Nordy Ying, Individually and as Trustee for the Nordy Ying Separate Property Trust dated September 11,

---

[1]  The government and claimants are currently informed and believe that there is no location of any claimant's property currently listed in any such publications.

2001 and in the grantee index in the name of the United States of America.  If the government believes that the Ying Trusts or BOA have failed to comply with any provision of paragraph 7, it shall provide written notice of such failure to the Ying Trusts and BOA (as well as their respective undersigned counsel), describing the provision believed to have been violated.  The Ying Trusts and/or BOA shall have fifteen (15) days from its receipt of such notice to cure the violation.  If the violation is not cured within the 15-day period, the government shall file a Notice of Non-Compliance and Forfeiture with the Court, setting out the violation and the failure of the Ying Trusts or BOA to timely cure the violation.  The Ying Trusts and/or BOA shall have fifteen (15) court days from the filing of the Notice to file a motion to seek relief from forfeiture, wherein the moving party may argue that, among other things, it is an "innocent owner" pursuant to 18 U.S.C. § 983(d).  If such a motion is filed, the government shall take no further action until the motion has been determined.  If no such motion is timely filed, the defendant property shall be forfeited to the United States on the sixteenth (16th) day after the filing of the Notice of Non-Compliance and Forfeiture, unless the Court orders otherwise.  Upon forfeiture under the terms of this paragraph, the government shall have the right to take possession of the defendant property without further order of the Court, and the United States Marshals Service, or its representatives, shall, without further order of the Court, proceed to take physical possession of the defendant property and its fixtures, and may evict any and all persons, pets, livestock, and personal

property from the defendant property as it deems necessary or appropriate.  A "filed"-stamped copy of this Consent Judgment accompanied by a "filed"-stamped copy of a Notice of Noncompliance and Forfeiture and/or order of the Court, shall be sufficient to establish the forfeiture of the defendant property.  In the event that the defendant property is forfeited to the government, the Ying Trusts and BOA agree that the United States Marshals Service may proceed to sell the defendant property.  Thereafter, the United States Marshals Service, or its representatives, shall promptly proceed to dispose of the defendant property and to distribute any proceeds from the sale in accordance with the law.

9.   Upon the filing of this Consent Judgment, the United States Marshals Service, or its representatives, shall be allowed to enter the defendant property for purposes of inspection and inventory.  Such entry shall be permitted by the Ying Trusts and BOA at a reasonable time to be agreed upon by the parties.  Absent such agreement, the government may apply to the Court for a writ of entry for purposes of protecting the government's interests in the defendant property, in connection with which the Ying Trusts or BOA may request a hearing.

10.   This consent judgment shall only be recorded in accordance with the provisions of paragraph 8 above.

11.   The Ying Trusts and BOA have released the United States of America, its agencies, agents, and officers, including, without limitation, employees and other representatives of the Drug Enforcement Administration, from any and all claims, defenses, actions, or liabilities arising out of

```
 1  or related to this action against the defendant real property,
 2  including, without limitation, any and all claims for attorneys'
 3  fees, costs or interest which may be asserted by them or on
 4  their behalf.
 5       12.  The Court finds that there was reasonable cause for
 6  the initiation of this action, and this Consent Judgment shall
 7  be construed as a certificate of reasonable cause pursuant to 28
 8  U.S.C. § 2465.
 9       13.  The parties shall each bear their own costs and
10  attorneys' fees in this action.
11       14.  The Court shall retain jurisdiction over this matter
12  to enforce the provisions of this Consent Judgment.
13  Dated: March 15, 2012          _____
14                                 THE HONORABLE MARGARET M. MORROW
                                   UNITED STATES DISTRICT JUDGE
15
16
17  [Signatures of the parties appear on the following page.]
```

**Approved as to form and content:**

DATED: March 15, 2012        ANDRÉ BIROTTE JR.
                             United States Attorney
                             ROBERT E. DUGDALE
                             Assistant United States Attorney
                             Chief, Criminal Division
                             STEVEN R. WELK
                             Assistant United States Attorney
                             Chief, Asset Forfeiture Section


                                /s/ P. Greg Parham
                             P. GREG PARHAM
                             Assistant United States Attorney

                             Attorneys for Plaintiff
                             United States of America

DATED: March 15, 2012           /s/ Steven J. Nelson
                             STEVEN J. NELSON
                             Attorney for Claimants and Titleholders
                             The Ying Trusts

DATED: March 15, 2012           /s/ David A. Kettel
                             DAVID A. KETTEL
                             Attorney for Claimant and Lienholder
                             Bank of America, N.A.